IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARIE NELSON, | ) | |
| | ) | Civil Action No. 7:19CV00776 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| UNITED STATES OF AMERICA, et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Marie Nelson filed this negligence action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–80, seeking damages for injuries she sustained while climbing an observation tower on the Blue Ridge Parkway.  The defendants have moved to dismiss the complaint on multiple grounds.  Nelson has not responded to the motion to dismiss, and the time for doing so has expired.  See W.D. Va. Civ. R. 11(c)(1).  For the following reasons, the court will grant the motion to dismiss.

## Background

On August 21, 2017, Nelson, a Virginia resident, visited the historic Groundhog Mountain Tower in Patrick County, Virginia.  Nelson alleges that the tower is "part of the Blue Ridge Parkway," and that "the United States of America, by and through the United States Department of the Interior, acting through the National Park Service, exercised control over Groundhog Mountain Tower and the stairway inside."  Compl. ¶ 10, ECF No. 1.  While Nelson was climbing the stairway, which was allegedly "uneven" and "unsafe due to its design and maintenance," the stairway suddenly "caused her to fall and she sustained serious, severe, and permanent injuries."  Id. at ¶ 9.

On November 19, 2019, Nelson filed this action under the FTCA, asserting claims of negligence against the United States, the Department of the Interior, and the National Park Service. The defendants have moved to dismiss the complaint in its entirety. Among other arguments, the defendants contend that Nelson's negligence claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6), because they are barred by Virginia's recreational land use statute.

## Standard of Review

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,'" meaning that it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated into the complaint." Zak v. Chelsea Therapeutics Int'l, Ltd.,

780 F.3d 597, 606 (4th Cir. 2015) (internal quotation marks omitted).  However, the court may

also "properly take judicial notice of matters of public record."  Philips v. Pitt Cty. Mem'l Hosp.,

572 F.3d 176, 180 (4th Cir. 2009).

## Discussion

The FTCA "authorizes certain tort clams against the United States 'where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred.'"[1]  Sanders v. United States, 937 F.3d 316, 327 (4th Cir.

2019) (quoting 28 U.S.C. § 1346(b)(1)); see also 28 U.S.C. § 2764.  In this case, the allegedly

negligent acts or omissions occurred in Virginia.  Accordingly, the court must apply Virginia

law.  Cibula v. United States, 664 F.3d 428, 429 (4th Cir. 2012).

Virginia's recreational land use statute limits the liability of a landowner who makes his

property freely available for sightseeing or other recreational purposes.  See Va. Code Ann.

§ 29.1-509(B).  The statute provides, in pertinent part, as follows:

> A landowner[2] shall owe no duty of care to keep land or premises
> safe for entry or use by others for . . . sightseeing . . . [or] for any
> other recreational use . . . .  No landowner shall be required to give
> any warning of hazardous conditions or uses of, structures on, or
> activities on such land or premises to any person entering on the
> land or premises for such purposes . . . .

Id.  Courts have held that this statute applies to property owned or controlled by the United

States in Virginia.  See Lufti v. United States, 527 F. App'x 236, 243–46 (4th Cir. 2013)

(affirming the application of the recreational land use statute in an FTCA action arising from an

injury at the United States Air Force Memorial in Arlington, Virginia); Knieriem v. United

---

[1] The defendants correctly note that the United States is "the only proper defendant" in an action filed under the FTCA.  Webb v. Hamidullah, 281 F. App'x 159, 161 n.4 (4th Cir. 2008) (citing 28 U.S.C. § 2674).  Thus, the Department of the Interior and the National Park Service were incorrectly named as defendants in this action.

[2] For purposes of the statute, a landowner is "the legal title holder, any easement holder, lessee, occupant or any other person in control of land or premises."  Va. Code Ann. § 29.1-509(A).

3

<u>States</u>, No. 1:08-cv-00261, 2008 U.S. Dist. LEXIS 135711, at *4 (E.D. Va. July 22, 2008) (holding that the plaintiff in an FTCA action "failed to state a claim under the Virginia Recreational Use Statute"). The statute precludes claims of ordinary negligence but does not bar claims of gross negligence. Va. Code Ann. § 29.1-509(D); <u>see also</u> <u>Lufti</u>, 527 F. App'x at 344 (holding that the plaintiff would have to prove that the United States was grossly negligent in order to avoid application of the recreational land use statute).

In this case, Nelson asserts claims of ordinary negligence arising from the defendants' inspection and maintenance of an observation tower that is available for sightseeing on the Blue Ridge Parkway in Virginia. <u>See</u> Compl. ¶¶ 17, 24, 31 (alleging that the defendants failed to exercise ordinary care in their inspection and maintenance of the observation tower). "The Blue Ridge Parkway is a component of the National Park System" of the United States, <u>Sierra Club v. United States Dep't of the Interior</u>, 899 F.3d 260, 282 (4th Cir. 2018), for which there is no fee to travel. <u>See</u> https://nps.gov/blri/planyourvisit/fees.htm (last visited May 29, 2020); <u>see also</u> <u>Sierra Club</u>, 899 F.3d at 276 n.4 (taking judicial notice of information publicly available on a federal agency's website).

For the reasons stated in support of the pending motion, which Nelson has not opposed, the court concludes that Nelson's negligence claims are barred by Virginia's recreational land use statute. Under this statute, a private landowner in similar circumstances would not be liable for Nelson's injuries. Consequently, the United States cannot be held liable under the FTCA. Accordingly, the court will grant the defendants' motion to dismiss.[3]

---

[3] In light of the court's conclusion that Nelson's claims are barred by the recreational land use statute, the court finds is unnecessary to address any remaining arguments asserted in support of the motion to dismiss.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This  29th  day of May, 2020.

Senior United States District Judge